FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 NOV 21  AM 11:58
CLERK M. akin
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| ERIC JOSEPH LOVE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 119-120 |
| | * | |
| AUGUSTA-RICHMOND COUNTY, | * | |
| GEORGIA; SHERIFF RICHARD | * | |
| ROUNDTREE, In His Official | * | |
| Capacity as Sheriff with | * | |
| Richmond County Sheriff's | * | |
| Office; JEFF JOHNSON, | * | |
| Individually and In His | * | |
| Official Capacity as Deputy | * | |
| with Richmond County Sheriff's | * | |
| Office, | * | |
| | * | |
| Defendants. | * | |

O R D E R

Before the Court is Plaintiff's motion for a preliminary injunction. (Doc. 9.) For the reasons contained herein, Plaintiff's motion is **GRANTED**.

I. BACKGROUND

Plaintiff is a Christian man who shares his religious beliefs in public places. (Compl., Doc. 1, ¶ 11.) His self-proclaimed goal is to speak in a conversational tone for passersby to hear within a range of twenty-five to fifty feet. (Id. ¶¶ 16, 17.) To

achieve his mission, Plaintiff employs a hand-held amplification device. (Id. ¶ 21.)

A. 2018 Augusta Pride Festival

The Augusta Pride Festival (the "Festival") is an annual event held in Augusta, Georgia. (Id. ¶ 22.) In 2018, the Festival occurred on June 23. (Id.) The Festival has a parade component, which concludes at the Augusta Common, a public park in downtown Augusta. (Id. ¶ 27; Parade Route, Doc. 9-3.) In the afternoon on the day of the 2018 Festival, Plaintiff stood on the public sidewalk outside of Psychotronic Records, an Augusta business. (Compl., ¶¶ 29, 31.) Psychotronic Records is on the block of Broad Street bordered by James Brown Boulevard to the west and the Augusta Common to the east. (Id. ¶ 23; Map, Doc. 9-2.) There, Plaintiff delivered his message with the assistance of his amplification device. (Compl., ¶¶ 31-36.)

Plaintiff spoke for a brief period before a law enforcement officer informed Plaintiff that he must cease using his amplification device. (Id. ¶¶ 39-40.) Shortly thereafter, two officers arrested Plaintiff and charged him with disorderly conduct pursuant to Augusta-Richmond County Code ("A.R.C.C.") Sec. 3-7-1(r). (Id. ¶¶ 44-49.)

B. 2019 Augusta Pride Festival

Despite the arrest in 2018, Plaintiff desired to return to Augusta during the 2019 Festival to share his message using his

2

amplification device. (Id. ¶ 52.) Prior to doing so, Plaintiff contacted Defendants to ensure his speaking would be permitted. (Id. ¶¶ 52-53.) Defendants refused Plaintiff's request citing A.R.C.C. Secs. 3-7-1(r) and 3-6-2(c). (Id. ¶¶ 54-55.) According to Defendants, the ordinances are applied conjunctively to ban Plaintiff's amplified speech. (Id. ¶¶ 55-56; June 10, 2019 Letter, Doc. 9-8, at 1-3.)

**C. The A.R.C.C. Ordinances**

> Under A.R.C.C. Sec. 3-7-1:
>
> Any person who shall do or engage in any of the following in Augusta-Richmond County shall be guilty of disorderly conduct: . . . (r) Any person loitering or prowling within Augusta-Richmond County generally. For purposes of this subsection, loitering or prowling means being in a place at a time or in a manner not usual for law-abiding individuals under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.

Defendants argue that because Augusta-Richmond County prohibits the use of amplification in certain situations, such as in A.R.C.C. Sec. 3-6-2, using amplification to speak is not usual for law-abiding individuals thereby violating the loitering ordinance. (June 10, 2019 Letter, at 1, 2.) A.R.C.C. Sec. 3-6-2(c) bans:

> The using, operating or permitting to be played, used or operated, of any radio receiving set, musical instrument, phonograph, loudspeaker, sound amplifier or other machine or device for the producing or reproducing of sound which is cast upon the public streets for the purpose of commercial advertising or attracting the attention of the public to any building or structure. Announcements over loudspeakers can only be made by the

announcer in person and without the aid of any mechanical device.

Based upon Defendants' reaction to Plaintiff's request to speak with the assistance of amplification, Plaintiff chose not to attend the 2019 Festival. (See Compl., ¶ 62.) Plaintiff then filed the instant action and sought the preliminary injunction at issue believing Defendants are chilling his First Amendment rights. (See generally id.; Mot. for Prelim. Inj., Doc. 9.)

## II. LEGAL STANDARD

Plaintiff moves the Court for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a). A preliminary injunction may issue when the moving party shows:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction is issued; (3) the threatened injury to the moving party outweighs whatever damage the proposed injunction might cause the non-moving party; and (4) if issued, the injunction would not be adverse to the public interest.

BellSouth Telecomms., Inc. v. MCIMetro Access Transmission Servs., LLC, 425 F.3d 964, 968 (11th Cir. 2005). In the Eleventh Circuit, "'a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (quoting All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535,

1537 (11th Cir. 1989)). The decision to grant or deny a preliminary injunction is within the district court's discretion. Carillon Imps., Ltd. v. Frank Pesce Int'l Grp. Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (per curiam).

## III. DISCUSSION

The Court examines whether Plaintiff has met his burden as to the four requirements.

### A. Substantial Likelihood of Success

Generally, the first requirement to establish a substantial likelihood of success on the merits is "considered the most important." Georgia ex rel. Ga. Vocational Rehab. Agency v. United States ex rel. Shanahan, 398 F. Supp. 3d 1330, 2019 WL 2320878, at *12 (S.D. Ga. 2019) (quoting White v. Alcon Film Fund, LLC, 955 F. Supp. 2d 1381, 1383 (N.D. Ga. 2013)). To establish the first requirement, the movant most show he is likely to prevail on the merits. Shatel Corp. v. Mao Ta Lumber & Yacht Corp., 697 F.2d 1352, 1355 n.2 (11th Cir. 1983). A movant is not required to show a substantial certainty of success. Am. Civil Liberties Union of Fla., Inc. v. Miami-Dade Cty. Sch. Bd., 557 F.3d 1177, 1232 (11th Cir. 2009) (Wilson, J., dissenting). The Parties do not dispute that the First Amendment protects free speech and that a sidewalk

is a traditional public forum.[1]  Accepting this, the Court turns to whether Plaintiff meets his burden to show a substantial likelihood of success on the merits as to his claim that Defendants are violating his constitutional rights.

The Court begins with Plaintiff's argument that the two local ordinances at issue, as applied conjunctively, unconstitutionally infringe upon his First Amendment rights.

> [I]n a public forum[,] the government may impose reasonable restrictions on the time, place, or manner of protected speech, provided the restrictions are justified without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information.

Ward v. Rock Against Racism, 491 U.S. 781, 791 (1989) (citation and internal quotation marks omitted).  It is further undisputed that Augusta-Richmond County's restrictions at issue are content-neutral.  Therefore, Plaintiff argues that Defendants' ban of all amplified speech is not narrowly tailored and fails to leave reasonable alternatives for speech.  (Br. Supp. Mot. for Prelim. Inj., Doc. 9-10, at 10—13.)  Defendants respond that the statutory scheme is narrowly tailored to achieve its desire to protect Augusta-Richmond County citizens from loud noises.  (Resp. to Mot. for Prelim. Inj., Doc. 14, at 4-8.)

---

[1] The First Amendment is made applicable to state and local governments pursuant to the Fourteenth Amendment.  McKinley v. Kaplan, 262 F.3d 1146, 1147 n.1 (11th Cir. 2001).

Defendants urge the Court to consider the statutory scheme as a whole and not the ordinances in isolation. (Resp. to Mot. for Prelim. Inj., at 5.) The Court agrees that analyzing the statutory scheme is the proper procedure for determining the target of relevant ordinances. See Pine v. City of West Palm Beach, 762 F.3d 1262, 1270 (11th Cir. 2014) (citing Abramski v. United States, 573 U.S. 169, 179 n.6 (2014)). In doing so, the Court first highlights that it expresses no opinion regarding the facial constitutionality of the ordinances in question at this time.

The collection of Augusta-Richmond County ordinances involves Secs. 3-7-1(r) prohibiting loitering; 3-6-1 regulating noises[2]; and 3-6-2 enumerating the specific types of noises prohibited. None of the ordinances individually expressly prohibit amplified speech other than "for the purpose of commercial advertising or attracting the attention of the public to any building or structure" and loudspeakers or amplifiers on vehicles. Secs. 3-6-2(c), (p). Defendants argue that, in considering the ordinances together, Augusta Richmond-County has a legitimate interest in protecting its citizens from loud noises. (Resp. to Mot. for Prelim. Inj., at 5.) Plaintiff does not dispute — and the Court agrees — that protecting citizens from loud noises is a legitimate

---

[2] "It shall be unlawful for any person to make, continue or cause to be made or continued or permit to be made, continued or caused any loud, unnecessary or unusual noise or any noise which either annoys, disturbs, injures or endangers the comfort, repose, health, peace or safety of others in Augusta-Richmond County." A.R.C.C. Sec. 3-6-1.

7

government interest. Pine, 762 F.3d at 1269 ("The government 'has a substantial interest in protecting its citizens from unwelcome noise.'") (quoting Ward, 491 U.S. at 796). "While this interest is . . . greatest when it concerns 'the well-being, tranquility, and privacy of the home, the government may act to protect even such traditional public forums as city streets and parks from excessive noise.'" Id. (citation and some internal quotation marks omitted) (quoting Ward, 491 U.S. at 796). Therefore, Defendants have the constitutional authority to narrowly tailor regulation of loud noises on public sidewalks, such as the one where Plaintiff spoke on the day of his arrest, through time, place, and manner restrictions.

> To be valid, a time, place, or manner restriction also must be narrowly tailored to advance the government's substantial interest. "For a content-neutral time, place, or manner regulation to be narrowly tailored, it must not burden substantially more speech than is necessary to further the government's legitimate interests. . . . Such a regulation, unlike a content-based restriction of speech, need not be the least restrictive or least intrusive means of serving the government's interests. . . . But the government still may not regulate expression in such a manner that a substantial portion of the burden on speech does not serve to advance its goals."

Id. at 1269-70 (internal citations and some quotation marks omitted) (quoting McCullen v. Coakley, 573 U.S. 464, 486 (2014)). Defendants' position is that Augusta-Richmond County's ordinances are narrowly tailored to curb loud noises. As to the ordinances individually that may be true, but as applied conjunctively, the

8

ordinances prevent Plaintiff's speech with the assistance of any amplification in public fora. The conjunctive enforcement raises constitutional issues.

Defendants argue that "Augusta does not target all amplification; it only targets loud noise." (Resp. to Mot. for Prelim. Inj., at 5.) From Defendants' perspective, however, this argument appears to be a distinction without a difference. Plaintiff requests the present injunction because Defendants could not assure Plaintiff that he would be free from arrest if he employed any amplified speech in Augusta during the 2019 Festival. (May 31, 2019 Letter, Doc. 9-7, at 4–5; June 10, 2019 Letter, at 3.) Plaintiff's affidavit in support of his motion for preliminary injunction evidences that with amplification, he intends to maintain a reasonable volume. (See Love Aff., Doc. 9-1, ¶ 23.) Neither Defendants' opposition to the present motion, Defendants' letter in response to Plaintiff's demand that he be permitted to speak with amplification assistance, nor Augusta-Richmond County's ordinances indicate any distinction between amplified speech that is not a loud noise versus amplified speech that is. Accordingly, nothing suggests amplified speech is permitted at certain times, in certain places, or in certain manners indicating a complete bar to amplified speech.

As was the case in 1948, "[l]oud-speakers are today indispensable instruments of effective public speech." Saia v.

9

New York, 334 U.S. 558, 561 (1948). "Absolute prohibition within municipal limits of all sound amplification, even though reasonably regulated in place, time and volume, is undesirable and probably unconstitutional as an unreasonable interference with normal activities." Kovacs v. Cooper, 336 U.S. 77, 81 (1949).

> [T]here is probably no more appropriate place for reasonably amplified free speech than the streets and sidewalks of a downtown business district. Streets, sidewalks, parks, and other similar public places are so historically associated with the exercise of First Amendment rights that access to them for the purpose of exercising such rights cannot constitutionally be denied broadly and absolutely.

Reeves v. McConn, 631 F.2d 377, 384 (5th Cir. 1980) (citation and internal quotation marks omitted). According to Supreme Court precedent, Augusta-Richmond County may regulate amplified speech in its downtown business district, but such regulation must be scrutinized thoroughly.

Citing Ward, Defendants contend that they are not required to regulate loud noises with the least restrictive or least intrusive means, but Defendants' attempts to classify as constitutional its application of Augusta-Richmond County's ordinances as applied is questionable. The Court does not specify what regulations Augusta Richmond-County may impose regarding loud noises to satisfy its interest, but it seems there are several options to target loud noises other than broadly prohibiting any amplified speech on the sidewalks of its predominately commercial, downtown district.

Defendants continue, in their argument against Plaintiff's contention that the statute is vague, to advance the position that Plaintiff's amplified speech is clearly prohibited because it drew attention to the business behind him. Aside from the fact it does not appear Plaintiff engaged in commercial advertising or intended to attract attention to the business located behind him, Broad Street is the main street in downtown Augusta, containing several businesses. Accepting Defendants' application of the ordinance to ban amplified speech in front of any commercial building essentially equates to banning all amplified speech on Augusta's downtown sidewalks. Such a ban puts Plaintiff in a predicament the Southern District of Florida recently held unconstitutionally stripped First Amendment protections: "The restriction presents [Plaintiff] with the following options: (1) convey [his] message loudly but far away from anyone who may hear the message or (2) convey [his] message near people using a sound level equivalent to a one-on-one conversation. Both options severely hinder the dissemination of the protected speech." Coal. of Immokalee Workers, Inc. v. Town of Palm Beach, No. 16-CV-80284-MIDDLEBROOKS, 2016 WL 8739993, at *10 (S.D. Fla. Mar. 11, 2016).

Defendants cite to Kovacs, 336 U.S. at 83-84, for the proposition that a municipality can forbid "loud and raucous noises." (Resp. to Prelim. Inj., at 5 (internal quotation marks omitted).) Again, the Court does not question Defendants' ability

11

to regulate loud and raucous noises. <u>Kovacs</u>, however, addressed the issue in the context of sound trucks and other vehicles with mounted amplifiers noting the danger to traffic and the threat of loud noises on streets in residential neighborhoods. Augusta-Richmond County has an ordinance regulating sound trucks. <u>See</u> Sec. 3-6-2(p). But the record, as it currently stands, contains no mention of Plaintiff's intent to use a sound truck. Moreover, Plaintiff requests permission to share his message on the downtown sidewalks, not in the streets or in strictly residential areas. Accordingly, the Court is unpersuaded by Defendants' attempt to liken this case to <u>Kovacs</u>.

Defendant further references <u>Pine</u>. <u>Pine</u> upheld an ordinance banning amplified speech within 100 feet of a health care facility's property line. 762 F.3d at 1264, 1273-75. Again, the Court finds vast differences between the ordinance in <u>Pine</u> and the application of the ordinances at issue here. In deciding <u>Pine</u>, the Eleventh Circuit discussed the government's high interest in protecting peace and tranquility essential to patient health. <u>Id.</u> at 1271, 1273. Therefore, based on the information at hand, the government interest in <u>Pine</u> was greater than Augusta-Richmond County's interest here, and the ordinance in <u>Pine</u> was far more narrowly tailored than the application of the ordinances in this case banning all amplified speech at all times in Augusta's downtown area. <u>See id.</u> at 1269, 1274.

12

Based on the foregoing, Plaintiff has met his burden on the first requirement. Because Plaintiff shows the ordinances are not narrowly tailored as applied, the Court need not analyze the "alternative channels" prong of the First Amendment analysis at this time.[3] See id. at 1268.

## B. Irreparable Injury

Both sides cite KH Outdoor, LLC v. City of Trussville. 458 F.3d 1261 (11th Cir. 2006). Plaintiff relies on KH Outdoor for its statement that "it is well established that 'the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'" Id. at 1271-72 (quoting Elrod v. Burns, 427 U.S. 347, 373 (1976)). Defendants rely on KH Outdoor for the proposition that a violation of the First Amendment "does not automatically require a finding of irreparable injury." Id. at 1272. Defendant primarily relies, however, on the fact that Plaintiff fails to show a substantial likelihood of success on the merits. Based on the information at hand, the Court is persuaded that Plaintiff's inability to speak with amplification at any volume on any public sidewalk in Augusta

---

[3] For these reasons, the Court likewise need not address the facial challenge to the ordinances under the First Amendment at this stage. Additionally, the Court need not address Plaintiff's challenge to the ordinances on vagueness grounds.

is irreparably chilling his First Amendment rights, satisfying the second requirement.[4]

## C. Balance of Harms

As stated above, the chilling of Plaintiff's rights to speech is serious. Conversely enjoining Defendants' enforcement of the relevant ordinances as to all amplified speech, at all times, and in all areas imposes no real harm on Defendants. The requested injunction will prevent Defendants from restricting Plaintiff's ability to use amplified speech at a reasonable volume on public sidewalks. Considering Defendants possess no real interest in unconstitutionally limiting Plaintiff's First Amendment rights, the damage to Defendants resulting from Plaintiff's preaching at a reasonable volume in Downtown Augusta is no comparison to the harm of chilling Plaintiff's First Amendment guarantees. See KH Outdoor, 458 F.3d at 1272.

---

[4] Without deciding one way or the other, the Court understands this issue to be closer than the Parties apparently do. The record shows that Plaintiff was arrested while preaching at the Festival in 2018. Plaintiff then requested permission from Defendants to preach with amplification at the Festival in 2019. Defendants denied that request, and Plaintiff was unable to preach with amplification at the 2019 Festival for that reason. Plaintiff filed the present lawsuit after the 2019 Festival, and therefore, the issuing of an injunction at this time cannot restore Plaintiff's right to preach with amplification at the 2019 Festival. Nevertheless, Plaintiff claims he is currently barred from speaking with amplification at any time, necessitating the injunction. If Plaintiff only speaks in Augusta at the annual Festival, however, it is unclear whether he is currently suffering irreparable injury or if the irreparable injury will only arise at the time of the 2020 Festival. Regardless, Defendants did not raise this argument, and it is not the Court's responsibility to make the argument for them.

D. Adverse Public Interest

Finally, Defendants argue an injunction will render Augusta-Richmond County unable to enforce its noise and disorderly conduct regulations leaving it without a mechanism to "protect its citizens from unwelcome noises or behaviors that threaten public safety." (Resp. to Mot. for Prelim. Inj., at 11.) Nothing in Plaintiff's requested injunction will create the ominous situation Defendants fear. First, this Order does not strike down any ordinance, and Defendants can continue to protect citizens as permitted by Augusta-Richmond County's ordinances. Second, amplified preaching at a reasonable level will not greatly harm the public. Finally, and most importantly, the public has no interest in the unconstitutional application of local ordinances. See KH Outdoor, 458 F.3d at 1272.

## IV. CONCLUSION

Based on the foregoing, Plaintiff's motion for a preliminary injunction (Doc. 9) is **GRANTED**. Pursuant to Federal Rule of Civil Procedure 65(a), the Court **HEREBY ORDERS** that Defendants, including Defendants' officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them, immediately cease enforcing Augusta-Richmond County Code Secs. 3-7-1(r) and 3-6-2(c), whether individually or in conjunction, so as to prohibit

15

constitutionally-protected amplified speech on the public sidewalks in consolidated Augusta-Richmond County. Nothing in this Order prohibits Augusta-Richmond County's enforcement of Augusta-Richmond County Code Secs. 3-7-1(r) and 3-6-2(c) in constitutionally permissible ways.

**ORDER ENTERED** at Augusta, Georgia, this 21ST day of November, 2019.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA